## HUNER *v.* DOOLITTLE.

An attorney confessed a decree of foreclosure by virtue of a power of attorney, but the decree was erroneous in computation and reversed ; held that the attorney could again confess a decree under the same power.

In computing interest, where the payment exceeds the amount of interest due, calculate interest on principal up to date of payment, add interest to the principal and deduct payment.

When the payment falls short of the interest due, calculate interest up to a time when the payment will overrun the interest due on the principal and then deduct the payment, and on the balance commence again to compute the interest.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J. In this case a decree of foreclosure was confessed in the court below, on a power of attorney.

A decree had been confessed in the same case at a previous term of the court. It is therefore contended that the first act of confession exhausted the authority of the attorney to confess under that power. This would be true if the first decree had been valid or remained unreversed. But it appears that it was taken to the supreme court and reversed. This placed the case and the rights of the parties the same as if the first decree had not been rendered. The intention of the power had not been carried out, consequently the object was not accomplished, and the authority was not exhausted by the first act.

The second objection urged to the decree below, is in relation to the computation of interest. The payments endorsed on the mortgage were applied to satisfy the interest due, and not to the principal. It is contended that the payments should have been applied to the principal exclusively.

In this state no particular rule has been adopted for calculating interest, where partial payments have been

made. But the rule established by the supreme court of New York, in 1824, has been generally sanctioned in other states, and was followed in calculating interest in the present case. As the rule is fair and simple, we think it should prevail in our state. We have therefore concluded to adopt this practice.

When the payment exceeds the interest due, calculate interest on principle, up to the date of payment, add this interest to the principle and then deduct the payment.

If the payment falls short of the interest due, calculate the interest on the principal up to the time when the payments will overrun the interest due on the principal debt, and then deduct payment; so as to avoid taking interest upon interest; *Williams* v. *Houghtaling*, 3 Cowen, 86.

Judgment affirmed.

